✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stephen Nowak, Jr.

**DEFENDANTS**
HP Hood, LLC and Catamount Dairy Holdings, LP

(b) County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex County, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Weinberg, Esquire/Saffren & Weinberg
815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046, (215) 576-0100

Attorneys (If Known)
Lee C. Durivage, Esquire/Marshall Dennehey Warner Coleman &
Goggin, 2000 Market Street, Suite 2300, Philadelphia, PA 19103,
(215) 575-2584

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
(U.S. Government Not a Party)

❏ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ☒ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

❏ 1   Original
Proceeding

☒ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
another district
(specify)

❏ 6   Multidistrict
Litigation

❏ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 28 U.S.C. Section 1332

Brief description of cause:
Wrongful Termination

## VII. REQUESTED IN   COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
02/22/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3335 Vista Street, Philadelphia, PA 19136

Address of Defendant: Six Kimball Lane, Lynnfield, MA 01940

Place of Accident, Incident or Transaction: 10975 Dutton Road, Philadelphia, PA 19154
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury
(Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Lee C. Durivage, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 02/22/2016 _____   _____
Attorney-at-Law                                    205928
                                                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/22/2016 _____   _____
Attorney-at-Law                                    205928
                                                   Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Stephen Nowak, Jr. | : | CIVIL ACTION |
| v. | : | |
| HP Hood, LLC and Catamount Dairy Holdings, LP | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✓)

| | | |
|---|---|---|
| 02/22/2016 | | HP Hood LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 575-2584 | (215) 575-0856 | lcdurivage@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Stephen Nowak, Jr. | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | |
| HP Hood, LLC and Catamount Dairy | : | |
| Holdings, LP | : | |

| | | |
|---|---|---|
| Stephen Nowak, Jr. | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | JANUARY TERM, 2016 |
| HP Hood, LLC and Catamount Dairy | : | NO. 0928 |
| Holdings, LP | : | |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, HP Hood LLC, by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby removes the above-captioned case to this Honorable Court and provides notice of same to counsel representing the Plaintiff. In support of the removal, HP Hood LLC avers as follows:

1.      On January 8, 2016, Plaintiff filed a complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania against HP Hood LLC and Catamount Dairy Holdings, LP, styled: ***<u>Stephen Nowak, Jr. v. HP Hood, LLC and Catamount Dairy Holdings, LP,</u>*** January Term 2016, No. 0928. Plaintiff's Complaint is attached hereto as Exhibit "1."

2.      HP Hood LLC was served with Plaintiff's Complaint on or about January 28, 2016.

3.     As HP Hood LLC was served on January 28, 2016, HP Hood LLC has not yet filed an Answer or other response to the Complaint. In filing this Notice of Removal, HP Hood LLC does not waive any defense or counterclaim that may be available to it.

4.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of January 28, 2016, when HP Hood LLC was served with the Complaint.

5.     This Honorable Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332.

6.     Federal courts have original diversity jurisdiction over actions in which the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) and the parties are citizens of different states. 28 U.S.C. § 1332.

7.     Specifically, "[a] district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time [the] petition for removal was filed,'" *Werwinski v. Ford Co.*, *286 F.3d 661, 666 (3d. Cir. 2002)*, quoting *Steel Valley Auth. v. Union Switch & Signal*, *809 F2d 1006, 1010 (3d. Cir. 1987)*.

8.     Moreover, "Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Co.*, *526 U.S. 574, 580 n. 2 (1999)*. Thus, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar, Inc. v. Lewis*, *519 U.S. 61, 68 (1996)*.

9.     Here, Plaintiff's Complaint avers that Plaintiff resides at 3335 Vista Street, Philadelphia, PA 19156. As a result, HP Hood LLC herein believes that Plaintiff is a citizen of the Commonwealth of Pennsylvania on the date when this action was commenced. *See* Ex. 1, at ¶ 1.

- 2 -

10.     HP Hood LLC is organized in the State of Delaware and its principal place is located at 6 Kimball Lane, Lynnfield, Massachusetts 01940. *See* Affidavit of Paul Nightingale, Esquire, at ¶ 4, attached hereto as Exhibit "2."

11.     Moreover, with the exception of a business trust (which is organized under the laws of the Commonwealth of Massachusetts), each of the members of HP Hood LLC is organized under the laws of the State of Delaware and the principal place of business of each entity is located at 6 Kimball Lane, Lynnfield, Massachusetts 01940. Ex. 2, at ¶ 5.

12.     Next, while Plaintiff has identified Catamount Dairy Holdings, LP as a defendant, Catamount Dairy Holdings, LP filed a Certificate of Cancellation on September 4, 1998 and is not, as a result, a proper party. However, during its existence, it was a limited partnership organized under the laws of the Commonwealth of Massachusetts. *See* Certificate of Cancellation, attached hereto as Exhibit "3."

13.     Based upon the foregoing, there is complete diversity among the parties identified in Plaintiff's Complaint.

14.     Next, Plaintiff's Complaint alleges claims of (1) wrongful discharge and (2) intentional infliction of emotional distress. Ex. 1, at ¶¶ 19-23; 24-28. Specifically, Count I of Plaintiff's Complaint alleges that "plaintiff has suffered and continues to suffer economic loss in the form of lost income, loss of future income, humiliation and anguish" and demands "an amount in excess of $50,000 together with attorneys fees and costs of suit." *See* Ex. 1, at ¶ 23. Count II of Plaintiff's Complaint alleges that "plaintiff has suffered and continues to suffer extreme emotional upset and distress" and demands "an amount in excess of $50,000 together with attorneys fees and costs of suit." *See* Ex. 1, at ¶¶ 26; 28.

15.     At the time of Plaintiff's termination from employment on March 3, 2014, the terms of conditions of Plaintiff's employment (including compensation) were subject to a Collective Bargaining Agreement between HP Hood LLC and Plaintiff's union.  Specifically, individuals employed as a Warehouse Worker earned $19.02/hour for 2014 [or $39,561.60 per year], $19.57/hour for 2015 [or $40,705.60 per year] and $20.12/hour for 2016 [or $41,641.60 per year].

16.     As a result, Plaintiff's claims for back pay between March 2014 and the present exceeds $79,000.  In light of Plaintiff's claims for front pay, emotional distress and attorneys' fees, it is evident that the amount in controversy exceeds $75,000 and is a matter which may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

17.     Written notice of this filing will be given to Plaintiff.  Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will also be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, the court in which the State Court Action was filed.

WHEREFORE, Defendant, HP Hood LLC respectfully requests that the above action, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed therefrom and proceed in this Court as an action duly removed.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____

LEE C. DURIVAGE
Identification Number: 205928
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Phone: (215) 575-2584
Fax: (215) 575-0856

Attorney for HP Hood LLC

Dated: February 22, 2016

## CERTIFICATE OF SERVICE

I, Lee C. Durivage, Esquire, do hereby certify that a true and correct copy of HP Hood

LLC's Notice of Removal was served upon opposing counsel by U.S. Mail at the following

address:

Marc A. Weinberg, Esquire
**Saffren & Weinberg**
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:_____
LEE C. DURIVAGE

Dated: February 22, 2016
LEGAL/103862004.v1

- 6 -

# EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2016**

Filing Number: 1601047210

**000928**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STEPHEN  NOWAK | HP HOOD LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 3335 VISTA STREET<br>PHILADELPHIA  PA 19156 | 10975 DUTTON RAOD<br>PHILADELPHIA  PA 19154 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
|  | CATAMOUNT DAIRY HOLDINGS, LP |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
|  | 6 KIMBALL LANE<br>LYNNFIELD  MA 01940 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
|  |  |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[X] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce  [ ] Settlement<br>[ ] Minor Court Appeal  [ ] Minors<br>[ ] Statutory Appeals  [ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>JAN 08 2016<br><br>D. SAVAGE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: STEPHEN   NOWAK

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC A. WEINBERG | 815 GREENWOOD AVENUE<br>SUITE 22<br>JENKINTOWN PA 19046 |
| **PHONE NUMBER**  (215)576-0100 | **FAX NUMBER**  (215)576-6288 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>60643 | **E-MAIL ADDRESS**<br>Kramsey@saffwein.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>MARC WEINBERG | **DATE SUBMITTED**<br>Friday, January 08, 2016, 05:13 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**MAJOR NON JURY MATTER**

SAFFREN & WEINBERG
Marc A. Weinberg, Esquire
ATTORNEY I.D. NO: 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
215-576-0100

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| STEPHEN NOWAK, JR.<br>3335 Vista Street<br>Philadelphia, PA 19156<br>Plaintiff, | : : : : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JANUARY TERM, 2016 |
| v | : : | |
| HP HOOD, LLC<br>10975 Dutton Road<br>Philadelphia, PA 19154<br>and<br>CATAMOUNT DAIRY HOLDINGS, LP<br>6 Kimball Lane<br>Lynnfield, MA 01940<br>Defendant. | : : : : : : : : | NO. |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral Service
One Reading Center
Philadelphia, PA 19103
(215) 238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Philadelphia, PA 19107
Telefono: (215) 238-6300

Case ID: 16010092

**MAJOR NON JURY MATTER**

SAFFREN & WEINBERG
Marc A. Weinberg, Esquire
ATTORNEY I.D. NO: 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046                    **ATTORNEY FOR PLAINTIFF**
215-576-0100

| | |
|---|---|
| STEPHEN NOWAK, JR. | COURT OF COMMON PLEAS |
| 3335 Vista Street | PHILADELPHIA COUNTY |
| Philadelphia, PA 19156 | |
| Plaintiff, | JANUARY TERM, 2016 |
| | |
| v | |
| | NO. |
| HP HOOD, LLC | |
| 10975 Dutton Road | |
| Philadelphia, PA 19154 | |
| and | |
| CATAMOUNT DAIRY HOLDINGS, LP | |
| 6 Kimball Lane | |
| Lynnfield, MA 01940 | |
| Defendant. | |

**CIVIL ACTION - COMPLAINT**
**2O - Other Personal Injury**

1.    Plaintiff, Stephen Nowak, Jr. (hereinafter referred to as "Plaintiff"), is an adult

individual currently residing at 3335 Vista Street, Philadelphia, PA 19156.

2.    It is believed and therefore averred that Defendant, HP HOOD, LLC, (hereinafter

referred to as "Hood or Defendant"), is a corporation or other legal entity, organized and existing

under the laws of the Commonwealth of Pennsylvania, which regularly conducts business in the

City and County of Philadelphia, with an office for service and principal place of business

located at 10975 Dutton Road, Philadelphia, PA 19154.

3.    It is believed and therefore averred that Defendant, CATAMOUNT DAIRY

HOLDINGS, LP, (hereinafter referred to as " Catamount or Defendant"), is a corporation,

partnership or other legal entity, organized and existing under the laws of the Commonwealth of

Case ID: 16010092

Massachusetts, which regularly conducts business in the City and County of Philadelphia, with an office for service and principal place of business captioned above

4.   It is further believed and therefore averred that Catamount is the parent holding company for Defendant, Hood and therefore is liable for the acts alleged herein.

5.   Stephen Nowak, Jr. commenced employment with Defendant as a fork lift operator.

6.   As of January of 2014, Plaintiff was an employee in good standing with a positive work record.

7.   On or about January 23, 2014, plaintiff suffered a work-related left ankle injury while on company business for Defendant.

8.   Plaintiff reported the injury to Defendant and an incident report was created.

9.   After reporting the injury/illness to his employer, plaintiff began receiving Workers' Compensation benefits.

10.   After reporting said injury to his employer and receiving said Workers' Compensation benefits, Plaintiff sought treatment for the injury with the captive physicians for his employer.

11.   As a result of said injury, Plaintiff could not perform the duties of his job which were physical in nature.

12.   Plaintiff was not offered a light duty position by the Defendant to accommodate his need as a result of his work related injury.

13.   Upon information and belief, in an attempt to avoid its obligation to pay workers compensation benefits to the plaintiff, and in retaliation for his seeking and obtaining said benefits, Defendant terminated plaintiff's employment effective on March 3, 2014.

Case ID: 16010092

14.    Defendants' termination of Plaintiff's employment was arbitrary, capricious and in violation of the public policy underlying the workers compensation statutes; and was designed to deprive plaintiff of benefits to which he is legally entitled.

15.    Plaintiff was wrongfully terminated pursuant to the Common Law of Pennsylvania and protected under Shick v. Shirey, 716 A.2d 1231 (Pa. 1998) as enumerated *supra*.

16.    This wrongful termination of plaintiff's employment was intentional and caused Plaintiff severe and profound emotional distress which he continues to suffer.

17.    As a direct, proximate result of his wrongful termination, Plaintiff has lost and continues to lose income and work-related benefits.

18.    As a direct result of his wrongful termination, Plaintiff has been caused to sustain losses in the form of attorneys fees and costs to which he is entitled.

**COUNT ONE**
**WRONGFUL TERMINATION**

19.    Plaintiffs repeat and incorporate the allegations of all the aforementioned Paragraphs above as though fully set forth at length.

20.    Defendants' termination of Plaintiff's employment was wrongful, violated public policy and designed to deprive plaintiff of benefits to which he was legally entitled pursuant to the Common Law of Pennsylvania and protected under Shick v. Shirey, 716 A.2d 1231 (Pa. 1998).

21.    Defendants' wrongful termination of Plaintiff's employment was an artifice designed to avoid their legal obligations to pay workers compensation benefits to the Plaintiff or was designed to punish him for seeking and obtaining said benefits.

22.    Defendants' wrongful termination of the plaintiff's employment was without

privilege or legal justification.

23.    As a direct proximate result of the Defendants' wrongful conduct as described above, plaintiff has suffered and continues to suffer economic loss in the form of lost income, loss of future income, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants individually and severally for their fair share in an amount in excess of $50,000 together with attorneys fees and costs of suit.

## COUNT TWO
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.    Plaintiffs repeat and incorporate the allegations of all the aforementioned Paragraphs above as though fully set forth at length.

25.    Defendant's actions in wrongfully terminating the plaintiff's employment after he suffered a work-related injury were intentional, willful and without justification.

26.    As a direct proximate result of the defendant's wrongful conduct as described above, the plaintiff has suffered and continues to suffer extreme emotional upset and distress.

27.    Defendant's conduct in terminating plaintiff's employment after he suffered an injury in an attempt to evade responsibility for workers compensation benefits or to punish him for receiving said benefits was willful, wanton and outrageous.

28.    Defendant knew or should have known that their conduct as described above would result in profound emotional distress to the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants individually and severally for their fair share in an amount in excess of $50,000 together with attorneys fees and costs of suit.

Case ID: 16010092

SAFFREN & WEINBERG

BY: _____

MARC A. WEINBERG, ESQUIRE
Attorney for Plaintiff

DATED____1.8.16_____

Case ID: 16010092

### VERIFICATION

I, Stephen Nowak, Jr., hereby state that I am the Plaintiff in this action and that the statements made in the foregoing Civil Action - Complaint, are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pacs Section 4904 relating to unsworn falsification to authorities.

Stephen Nowak, Jr.

DATED: 1-9-16

Case ID: 16010092

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Stephen Nowak, Jr. | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | |
| HP Hood, LLC and Catamount Dairy | : | |
| Holdings, LP | : | |

| | | |
|---|---|---|
| Stephen Nowak, Jr. | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | JANUARY TERM, 2016 |
| HP Hood, LLC and Catamount Dairy | : | NO. 0928 |
| Holdings, LP | : | |

## DECLARATION OF PAUL NIGHTINGALE

Pursuant to 28 U.S.C. § 1746, Paul Nightingale declares the following:

1.     I certify that I am Paul Nightingale and I submit this declaration in support of HP Hood LLC's Notice of Removal.

2.     At all relevant times, I have been employed by HP Hood LLC as its Senior Vice President, General Counsel and Secretary.

3.     In my role as Senior Vice President, General Counsel and Secretary, I am familiar with HP Hood LLC's corporate structure.

4.     In particular, HP Hood LLC is a Delaware limited liability company, with its principal place of business located at 6 Kimball Lane, Lynnfield, Massachusetts 01940.

5.     The members of HP Hood LLC consist of a business trust organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 6 Kimball Lane, Lynnfield, Massachusetts 01940 and six limited liability companies.  Each of the six limited

liability companies is organized under the laws of the State of Delaware, with their principal place

of business located at 6 Kimball Lane, Lynnfield, Massachusetts 01940.  The members of the six

limited liability companies are trusts organized under the laws of the Commonwealth of

Massachusetts, for the benefit of the grandchildren of HP Hood LLC's Chairman, President and

Chief Executive Officer.  None of the grandchildren are residents of the Commonwealth of

Pennsylvania.

_____

PAUL NIGHTINGALE

DATED: February 19, 2016

LEGAL/103902167.v1

- 2 -

# EXHIBIT 3



**FILED**

SEP  4 1998

SECRETARY OF THE COMMONWEALTH
CORPORATIONS DIVISION

### *CERTIFICATE OF CANCELLATION*

Name of limited partnership:                Catamount Dairy Holdings Limited Partnership

Date of filing of original certificate
of limited partnership:                              12/12/95

Reason for filing the certificate              Catamount Dairy Holdings Limited Partnership
of cancellation:                                          distributed all assets and liabilities to its partners on
                                                                    6/30/98.

Date of Cancellation:                              7/1/98

By: _____
     The Catamount Corporation,
     General Partner

628983

Check # *66490*

FEE PAID

$100.00

SEP 0 4 1998

CASHIERS
SECRETARY'S OFFICE

*William Francis Galvin*

SECRETARY OF THE
COMMONWEALTH
98 SEP -4 AM 11: 02
CORPORATION DIVISION

CATAMOUNT DAIRY HOLDINGS LIMITED PARTNERSHIP

Name of Limited Partnership

▬▬▬▬▬Amendment:Massachusetts General Laws Chapter 109

Filed in the Office of the Secretary of the Commonwealth

on: SEPTEMBER 4                    19 (*  98   .